UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
UNITED STATES OF AMERICA              :
                                      :    AMENDED CONSENT
    - v. -                             :    PRELIMINARY ORDER OF
                                      :    FORFEITURE AS TO SPECIFIC
SUZETTE TRIMMINGHAM,                  :    PROPERTY/
                                      :    MONEY JUDGMENT
        Defendant.                 :
                                      :    25 Cr. 243 (JGK)
------------------------------------- x

WHEREAS, on or about May 28, 2025, SUZETTE TRIMMINGHAM (the "Defendant"), was charged in an Information, 25 Cr. 243 (JGK) (the "Information"), with conspiracy to commit honest services wire fraud, in violation of Title 18, United States Code, Section 371 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about May 28, 2025, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code 2461 (i) a sum of money in United States currency representing proceeds

traceable to the commission of the offense charged in Count One of the Information; and (ii) all right, title and interest of the Defendant in, *inter alia*, the following specific property:

    a. $324,900 in United States currency, seized on June 18, 2024, in connection with the search of 257 Westend Avenue, Freeport, New York 11520, pursuant to search warrant 24-MC-2376, signed by the Honorable Sanket J. Bulsara, United States Magistrate Judge for the Eastern District of New York, on June 17, 2024;

    b. Jewelry seized on June 18, 2024, in connection with the search of 257 Westend Avenue, Freeport, New York 11520, pursuant to search warrant 24-MC-2376, signed by Judge Bulsara on June 17, 2024:

1. A 14K yellow gold and diamond Cuban link bracelet;
2. A Rolex Date just stainless steel and 18K yellow gold bracelet watch;
3. A Cartier Santos stainless steel and 18K yellow gold bracelet watch;
4. A 14K white gold and diamond pendant necklace;
5. A 14K yellow gold and diamond pendant necklace;
6. A 14K two-tone yellow gold, white gold and diamond Cuban link bracelet;
7. An assembled Cartier Santos 100 XL stainless steel bracelet watch;
8. A Cartier Santos stainless steel bracelet watch;
9. A 14K yellow gold, white gold and diamond "MR" initial signet ring;
10. A 14K yellow gold, white gold and diamond cross ring;
11. A single 14K white gold and diamond earring;
12. A single white base metal and diamond simulant four-prong stud earring;
13. A 14K yellow gold and diamond pendant necklace; and
14. A 14K white gold and diamond Cuban link bracelet.

(a. and b., together, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $405,565.00 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with any co-conspirators ("Co-

Conspirators") for the conduct charged in Count One of the Information, to the extent forfeiture money judgments are entered against the Co-Conspirators in this case;

WHEREAS, the Defendant further consents to the forfeiture of all her right, title and interest in the Specific Property, which constitutes proceeds traceable to the offense charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable the offense charged in Count One of the Information that the Defendant personally obtained, with the exception of the Specific Property, cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Rebecca Dell and Connie Dang, of counsel, and the Defendant and his counsel, John F. Carman Esq., that:

1.  As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $405,565.00 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable in the offense charged in Count One of the Information that the Defendant personally obtained for which the

Defendant is jointly and severally liable with the Co-Conspirators, to the extent a forfeiture money judgment is entered against the Co-Conspirtors in this case, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant SUZETTE TRIMMINGHAM and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Customs and Border Protection (or its designee, the Office of Fines, Penalties and Forfeitures) and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Customs and Border Protection is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____   10/27/2025
CONNIE L. DANG / REBECCA DELL         DATE
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2543 / 2198


SUZETTE TRIMMINGHAM

By: _____   10-27-25
SUZETTE TRIMMINGHAM                    DATE

By: _____   10-27-25
JOHN F. CARMAN, ESQ.                   DATE
Attorney for Defendant
666 Old Country Road, Suite 501
Garden City, New York 11530


SO ORDERED:

_____        10-27-25
HONORABLE JOHN G. KOELTL                DATE
UNITED STATES DISTRICT JUDGE